UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANGELA MARIE KLUG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-145-TLS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Angela Marie Klug seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability and disability insurance benefits as well as supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied her Social Security benefits and erred by failing to include limitations in her residual functional capacity related to all of her impairments, failing to appropriately develop the record, and improperly holding the Plaintiff's non-compliance with treatment regimens against her credibility.

**BACKGROUND**

On July 18, 2013, the Plaintiff filed a Title II application for disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, alleging disability beginning September 30, 2010. (R. 39.) Her claims were denied initially on February 11, 2014, and upon reconsideration on April 15, 2014. (*Id.*) On September 10, 2015, the Plaintiff appeared with a non-attorney representative and testified at a hearing before an administrative

law judge (ALJ). (*Id.*) Marie N. Kieffer, an impartial vocational expert (VE) also appeared. (*Id.*) On February 8, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review. (R. 1–4.)

On April 10, 2017, the Plaintiff filed this claim in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA since her alleged onset date, September 30, 2010. (R. 41.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under §§ 404.1520(c), 416.920(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including fibromyalgia/osteoarthritis, in particular back pain with early stenosis and right shoulder pain;

migraine/sinus headaches; depression; bipolar disorder; and post-traumatic stress disorder (PTSD). (R. 42.) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work. (*Id.*) The ALJ also found that the Plaintiff had bowel problems, but concluded that this condition was non-severe. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." §§ 404.1520(d), 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform "past relevant work," §§ 404.1520(a)(4)(iv), 416.920(A)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." §§ 404.1520(a)(4)(v). 416.920(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that she had the RFC to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that she is additionally limited as follows:

> [S]he can only perform a total of two out of eight hours of standing/walking, in combination, in an 8 hour workday; she can only perform occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; she can never perform climbing ladders, ropes, or scaffolds; she can do only occasional reaching overhead with the right upper extremity; she should avoid concentrated exposure to extreme cold, heat, humidity, wetness, loud noise, and bright/flashing lights; she should avoid even moderate exposure to hazards (i.e. operational control of dangerous moving machinery, unprotected heights, slippery/uneven/moving

surfaces). Mentally, the claimant cannot understand, remember, or carry out detailed or complex job instructions, but can perform simple, repetitive tasks on a sustained basis (meaning 8 hours a day/5 days a week, or an equivalent work schedule); she cannot perform tasks requiring intense/focused attention for prolonged periods; she needs work at a flexible pace (where the employee is allowed some independence in determining either the timing of different work activities, or pace of work); she can only tolerate casual/superficial interactions with others, including supervisors, coworkers, and the general public; and only occasional interactions with the general public.

(R. 44.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her alleged onset date. (R. 44–52.) The ALJ evaluated the objective medical evidence and the Plaintiff's subjective complaints and found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (R. 46.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (*Id.*) The Plaintiff testified that she drops dishes due to cramping in her hand; she tries to clean her house, but it takes one or two days to complete; she has to use the restroom every hour or two; loud noises and bright lights trigger her headaches; she experiences alternating constipation and diarrhea; she can walk for 15 minutes, stand for 10 minutes, sit for 2 hours, and lift/carry 5 to 10 pounds; her right shoulder limits her ability to reach for objects; she has problems gripping/grasping/using both hands due to cramping; she has nightmare and frequently cries; and she reported hallucinations, poor attention span, poor memory, and poor task completion. (R. 45–46.)

Turning to the objective medical evidence, the ALJ found that "the medical evidence of record does not support the severity of the claimant's mental or physical impairments" that she alleged. (R. 46.) The ALJ also noted that the Plaintiff "never demonstrated any obvious pain

behaviors during the hearing"; rather she "never got up from her seated position during the hearing and seemed to sit relatively calmly throughout the hearing and answered questions appropriately without hesitation." (*Id.*) The ALJ found that "[w]hile the claimant may experience some pain and discomfort, the evidence does not establish debilitating functional limitations due to any physical impairment." (R. 48.)

The Plaintiff has past relevant work as an assistant manager (skilled SVP6 light work), sales clerk (semiskilled SVP3 light work), and home companion (semiskilled SVP3 light work). The ALJ found that the Plaintiff was unable to perform her past relevant work. (R. 50.) Relying on the VE's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 51.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of her alleged onset date. (R. 52.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

behaviors during the hearing"; rather she "never got up from her seated position during the hearing and seemed to sit relatively calmly throughout the hearing and answered questions appropriately without hesitation." (*Id.*) The ALJ found that "[w]hile the claimant may experience some pain and discomfort, the evidence does not establish debilitating functional limitations due to any physical impairment." (R. 48.)

The Plaintiff has past relevant work as an assistant manager (skilled SVP6 light work), sales clerk (semiskilled SVP3 light work), and home companion (semiskilled SVP3 light work). The ALJ found that the Plaintiff was unable to perform her past relevant work. (R. 50.) Relying on the VE's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 51.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of her alleged onset date. (R. 52.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. A court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff argues that the ALJ erred by failing to include limitations in her RFC related to all of her impairments, failing to appropriately develop the record, and improperly holding the Plaintiff's non-compliance with treatment regimens against her credibility. With regard to the limitations in her RFC, the Plaintiff argues that the ALJ should have credited her testimony regarding the difficulties she experiences with her hands.

The Court may not overturn the ALJ's credibility determination unless it is "patently wrong." *see Elder*, 529 F.3d at 413–14. "An ALJ is in the best position to determine the credibility of witnesses, and a credibility determination will be overturned only if it is patently wrong." *Pinder v. Astrue*, No. 3:09-CV-363, 2010 WL 2243248, at *4 (N.D. Ind. June 1, 2010) (*citing Craft*, 539 F.3d at 678). "Reviewing courts therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). However, "a failure to adequately explain his or her credibility finding by discussing specific reasons supported by the record is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (citing *Terry*, 580 F.3d at 477); *Brindisi v. Barnhart*, 315 F.3d 783, 787–88 (7th Cir. 2003); *Salaiz v. Colvin*, 202 F. Supp. 3d 887, 893 (N.D. Ind. 2016). "The determination of credibility must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft*, 539 F.3d at 678.

Furthermore, Social Security "regulations and cases, taken together, require an ALJ to articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a bases for a negative credibility

finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). "The ALJ should not mechanically recite findings on each factor, but must give specific reasons for the weight given to the individual's statements." *Evans v. Astrue*, No. 3:10-CV-432, 2012 WL 951489, at *11 (N.D. Ind. Mar. 20, 2012).

The primary reason the ALJ cited for discounting the Plaintiff's subjective testimony was that her testimony was not supported by the medical record. But, the Seventh Circuit, and this District, have rejected this approach. *See, e.g.*, *Villano v. Astrue*, 556, F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); *Myles v. Astrue*, 585 F.3d 672, 677 (7th Cir. 2009) (same); *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (same); *Thomas v. Colvin*, 534 F. App'x 546, 552 (7th Cir. 2013) (same); *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006) (reversing and remanding for insufficient credibility determination where the Commissioner "defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of [the claimant's] daily living activities"); *Salaiz*, 202 F. Supp. 3d at 893–94 ("The ALJ erred when assessing the Plaintiff's credibility because she relied entirely on medical evidence . . . ."); *Vercel v. Colvin*, No. 2:15-CV-71, 2016 WL 1178529, at *4 (N.D. Ind. Mar. 28, 2016) (Although the "ALJ is not required to give full credit to every statement of pain made by the claimant . . . a claimant's statements regarding symptoms or the effect of symptoms on his ability to work 'may not be disregarded solely because they are not substantiated by objective evidence.'") (*quoting* SSR 96-7p at *6).

In fact, "the whole point of the credibility determination is to determine whether the claimant's allegations are credible *despite* the fact that they are not substantiated by the objective

medical records." *Stephens v. Colvin*, No. 1:13-CV-66, 2014 WL 1047817, at *9 (N.D. Ind. Mar. 18, 2014) (emphasis in original). *See Thomas*, 534 F. App'x at 551 (The ALJ's argument "that [the claimant's] alleged daily activities 'cannot be objectively verified with any reasonable degree of certainty' [] ignores the fact that [the claimant's] daughter (who forced [the claimant] to move in with her so that she could provide care) confirmed the type and extent of [the claimant's] daily activities.").

The Court acknowledges the Commissioner's argument that a claim for disability benefits cannot be supported by a claimant's subjective complaints alone. 20 C.F.R. §§ 404.1529(a), 416.929(a). However, this does not change the fact that a claimant's subjective testimony may not be discarded solely due to a lack of objective medical evidence. In the case of a conflict, the ALJ must make a credibility determination. The ALJ may look for consistency with the objective medical evidence, but she must also consider other factors. The only other explanation the ALJ gave that bears upon the Plaintiff's credibility is that she "never demonstrated any obvious pain behaviors during the hearing" and "never got up from her seated position during the hearing and seemed to sit relatively calmly throughout the hearing and answered questions appropriately without hesitation." There are multiple issues with this statement. First, the ALJ appears to be criticizing the Plaintiff for being forthright during the ALJ's questioning, even illogically holding it against her credibility. Second, the ALJ does not explain how the Plaintiff's ability to sit through a hearing that lasted a little over an hour is inconsistent with her testimony that she could sit for two hours. Finally, although the ALJ is entitled to consider his personal observations of the claimant, "[a]n ALJ may not discredit a claimant's testimony simply because the claimant failed to 'sit and squirm.'" *Flores v. Massanari*, 19 F. App'x 393, 404 (7th Cir. 2001) (citing *Powers v. Apfel*, 207 F.3d 431, 436 (7th

9

Cir. 2000)) (finding error where the ALJ "allowed [the plaintiff's] appearance at the hearing to sway his credibility assessment"). To be sure, the "'sit and squirm' test alone does not render a credibility finding patently wrong." *Godsey v. Colvin*, No. 1:14-CV-297, 2015 WL 9223712, at *7 (N.D. Ind. Dec. 16, 2015) (citing *Powers*, 207 F.3d at 436.) The Court must consider "whether the test was used properly in conjunction with other credibility evidence." *Barrett v. Colvin*, No. 4:12-CV-74, 2014 WL 936839, at *9 (N.D. Ind. Mar. 11, 2014). "Here, when the 'sit and squirm' test is used in conjunction with so many other errors in interpreting the evidence, its usefulness is highly questionable at best." *Id.* The Court finds that the ALJ has failed to build an accurate and logical bridge between the evidence and his conclusions.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case. Because the Court is remanding on this issue, it need not consider the remainder of the parties' arguments.

SO ORDERED on May 14, 2018.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT